FILED
US DISTRICT COURT
DISTRICT OF ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

2005 DEC -1 PM 4: 04

|  |  |
|---|---|
| JANSSEN CONTRACTING COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JON P. COLMAN and NORTHWEST ) | |
| HYGIENETICS, INC, ANCHORAGE ) | |
| SCHOOL DISTRICT, WESTERN ) | |
| VENTURES, INC. d/b/a CASCADE ) | |
| ENVIRONMENTAL, ) | |
| ) | |
| Defendants. ) Case No. A04-0271CV (RRB) | |
| ) | |

## REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES and MOTION FOR EXTENSION OF TIME

I.   MOTION FOR EXTENSION OF TIME

There is no prejudice to Janssen in granting Colman's request for a one day extension of time. The Court has the discretion to grant the extension, and as there is no prejudice to Janssen in granting it, should do so. Given the extensive motion practice caused by Janssen, a decision by the Court on the merits of Colman's motion would better serve justice than dismissal based on an extreme technicality where there is absolutely no prejudice to Janssen.

Regardless, as Colman has made his request for attorney's fees pursuant to §

45

2202, his request is timely. In *Omaha Indemnity Insurance Co. v. Cardon Oil Co.*,[1] defendants argued that the plaintiff's request for attorneys fees was untimely because it was not filed within the ten days contemplated by FRCP 59(e). The Northern District of California, in a case affirmed by the Ninth Circuit, held that as the request for fees had been made pursuant to § 2202, and as that rule provides that a court may grant relief "long after the declaratory judgment has been entered, provided that the party seeking relief is not barred by laches," the plaintiffs request was timely.[2]

II.   MOTION FOR ATTORNEY'S FEES

Janssen opposes Colman's request for attorney's fees based upon his belief that 28 U.S.C. § 2202 does not authorize an award of attorney's fees. Janssen is incorrect.

Janssen correctly points out that in *Alyeska Pipeline Services Co. v. The Wilderness Society*,[3] the Supreme Court stated that attorney's fees should not be allowed absent statutory authority. However, Janssen is incorrect that §2202 is not a sufficient basis for an award. While the Fifth Circuit in *Bank at Dallas v. Bradford Trust Co.*[4] refused to grant attorney's fees based on 28 U.S.C. § 2202, other courts, including the Ninth Circuit, have held otherwise. In the underlying motion, Colman cited to the *Omaha*[5] case, a case Janssen notably chose not address. In *Omaha*, which was affirmed by the Ninth Circuit, the court for the Northern District of California recognized that a request for attorney's fees may properly be made pursuant to § 2202.

---

[1] *See Motion* at fn. 1; 687 F. Supp. 502 (N.D.Cal. 1988), aff'd by 902 F.2d 40 (9th Cir. 1990).
[2] *Id.* at 503, citations omitted.
[3] 421 U.S. 240 (1975)
[4] 850 F.2d 215 (5th Cir. 1988)
[5] *supra.*

*Motion for Attorney's Fees*                2

Defendants next argue that section 2202 is an improper mechanism to obtain the relief sought by plaintiff since the recovery of costs and fees expended in the consolidated actions is not relief designed to effectuate the declaratory judgment.

...

Under section 2202, the court retains jurisdiction to enter such further orders as it deems necessary or proper to give complete and effectual relief consistent with its declaratory judgment. Rincon Band of Mission Indians v. Harris, 618 F.2d 569, 575 (9th Cir.1980). While Omaha Indemnity's claimed entitlement to reimbursement of legal expenditures does not flow inevitably from the court's previous order, this is an issue which could not be confronted until the court ruled that Omaha Indemnity had no duty to defend. The further relief requested by Omaha Indemnity may not be "necessary" to effectuate the court's ruling, but it is certainly a "proper" request for relief under section 2202. Horn & Hardart Co. v. National Rail Passenger Corp., 843 F.2d 546, 548 (D.C.Cir.1988).[6]

Section 2202 does provide the necessary statutory authority for this Court granting Colman's request for attorney's fees, and Colman requests that the Court enter an order awarding its reasonable costs and fees in defending against this action.

Finally, Colman attached to his motion a spreadsheet outlining the work done for which he seeks reimbursement. Only those fees incurred in defending against the above-titled action were included. Therefore, Janssen's request that the Court reduce Colman's award be denied.

DATED November 30, 2005.

ROBERTSON, MONAGLE & EASTAUGH

Robert P. Blasco
Of Attorneys for Jon P. Colman and Northwest Hygienetics, Inc.

---

[6] *Id.* at 503 – 504.

*Motion for Attorney's Fees*   3

**Certificate of Service**

On 10/1/05 a true and correct copy of the foregoing document was served on the following attorney(s) of record via:

☒ U.S. First Class Mail, postage pre-paid
☐ fax
☐ court box

Thomas S. Gingras
Eide, Miller & Pate
425 G St., Ste. 930
Anchorage, AK 99501

Michael Brain
Royce & Brain
1407 W. 31st Ave., Ste. 205
Anchorage, AK 99501

Michael Stephenson
Jermain, Dunnagan & Owens
3000 A. St., Ste. 300
Anchorage, AK 99503

*Alice S Moore*
ALICE S. MOORE