RECEIVED
AFTER 4:30 P.M.

FILED
DEC 1 2 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

Thomas S. Gingras, Esq.
Alaska Bar No. 7811098
EIDE, MILLER & PATE, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
Tel. (907) 279-0930
Fax. (907) 279-0933
E-mail thomas.gingras@empalaska.com

Attorneys for Plaintiff
   Janssen Contracting Company, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANSSEN CONTRACTING COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| JON P. COLMAN, NORTHWEST HYGIENETICS, INC., ANCHORAGE SCHOOL DISTRICT, WESTERN VENTURES, INC. d/b/a CASCADE ENVIRONMENTAL, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Case No. A04-271 CV (RRB)

**MOTION TO RECONSIDER AWARD OF ATTORNEYS' FEES TO DEFENDANTS JON P. COLMAN AND NORTHWEST HYGIENETICS', INC.**

Motion to Reconsider Attorney's Fees                         Page No. 1
*Janssen Contracting Company, Inc. v. Jon P. Colman, et al.*
Case No. A04-271 CV (RRB)

Eide, Miller & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

RB
49

1  Robertson, Monagle & Eastaugh
   801 West 10th Street, Suite 300
   Juneau, AK 99802

2  EIDE, MILLER & PATE, P.C.

3  By _____
          Patti Juliussen
4

5  F:\245\18\CERT-USDC (A04-271).DOC

Eide, Miller & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Motion to Reconsider Attorney's Fees                              Page No. 3
*Janssen Contracting Company, Inc. v. Jon P. Colman, et al.*
Case No. A04-271 CV (RRB)

Thomas S. Gingras, Esq.
Alaska Bar No. 7811098
EIDE, MILLER & PATE, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
Tel. (907) 279-0930
Fax. (907) 279-0933
E-mail thomas.gingras@empalaska.com

Attorneys for Plaintiff
  Janssen Contracting Company, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANSSEN CONTRACTING COMPANY, INC., </br></br> Plaintiff, </br></br> vs. </br></br> JON P. COLMAN, NORTHWEST HYGIENETICS, INC., ANCHORAGE SCHOOL DISTRICT, WESTERN VENTURES, INC. d/b/a CASCADE ENVIRONMENTAL, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. A04-271 CV (RRB) |

**MEMORANDUM IN SUPPORT OF
MOTION TO RECONSIDER AWARD OF ATTORNEYS' FEES TO
DEFENDANTS JON P. COLMAN AND NORTHWEST
HYGIENETICS', INC.**

Memorandum in Support of Motion to Reconsider Attorney's Fees                          Page No. 1
*Janssen Contracting Company, Inc. v. Jon P. Colman, et al.*
Case No. A04-271 CV (RRB)

Janssen Contracting Company, Inc. requests the court to reconsider its decision awarding attorneys' fees because the court was clearly erroneous in its interpretation of the law. The court may reconsider its decision under Federal Rule of Civil Procedure 59(e) which provides that a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.[1] A motion to reconsider under Rule 59(e) is appropriate when the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. Herbst. v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001); McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). In an en banc decision, the Ninth Circuit cited with approval 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2nd ed. 1995) which provides that a court may also reconsider a prior decision to prevent manifest injustice. McDowell, 197 F.3d at 1255 n. 1.

The court granted Colman's[2] motion for attorneys' fees for the reasons stated in Colman's Motion for Attorney's Fees and his Reply in Support of Motion for Attorney's Fees. [Docket 46] Colman's motion cited 28 U.S.C. § 2202 as the authority for his motion and cited two cases: Omaha Indemnity

---

[1] This motion also complies with the requirements of Local Rule 59.1 which governs motions to reconsider of non-appealable orders.
[2] Colman refers to Jon Colman and Northwest Hygienetics, Inc. collectively.

Memorandum in Support of Motion to Reconsider Attorney's Fees   Page No. 2
Janssen Contracting Company, Inc. v. Jon P. Colman, et al.
Case No. A04-271 CV (RRB)

Insurance Co. v. Cardon Oil Co., 687 F. Supp. 502, 503-04 (N.D. Cal. 1988) and National Indemnity Co. v. Harper, 295 F. Supp. 749 (W.D. Mo. 1969). [Docket 42] Colman did not discuss either case in his motion. [Docket 42] Colman argued in his reply that Omaha Indemnity supported his claim for attorney's fees and quoted a lengthy passage. [Docket 45] Colman acknowledged that the Fifth Circuit in Mercantile National Bank at Dallas v. Bradford Trust Company, 850 F.2d 215 (5th Cir. 1988) held that 28 U.S.C. § 2202 did not authorize attorneys' fees, but stated that "other courts, including the Ninth Circuit, have held otherwise." [Docket 45] Colman did not, however, cite any cases other than Omaha Indemnity. [Docket 45]

Colman's discussion of Omaha Indemnity is misleading because neither the district court nor the court of appeals held that 28 U.S.C. § 2202 authorizes an award of attorney's fees to the prevailing party in a declaratory judgment action for fees incurred in the declaratory judgment action. The Cardon Oil Company and several individual defendants were sued for securities fraud in three separate actions. Omaha Indemnity, 687 F. Supp. at 503. The district court referred to those cases as the consolidated cases. Id. Omaha Indemnity undertook its defense of Cardon Oil and the individual defendants pursuant to a reservation of rights. Id. Omaha Indemnity filed a declaratory judgment action seeking a determination

Eide, Miller & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Memorandum in Support of Motion to Reconsider Attorney's Fees    Page No. 3
*Janssen Contracting Company, Inc. v. Jon P. Colman, et al.*
Case No. A04-271 CV (RRB)

that it had no duty to defend Cardon Oil and the individual defendants in the underlying consolidated cases. Id. The district court held that Omaha Indemnity did not have a duty to defendant, and Omaha Indemnity subsequently filed a motion seeking reimbursement for the attorneys' fees and costs that it had advanced in the consolidated actions. Id. The district court then held that it was proper to issue an order reimbursing Omaha Indemnity because the order would give complete and effectual relief consistent with its declaratory judgment. Id. at 503-04. The court did not even mention the fees incurred in the declaratory judgment action much less hold that Section 2202 authorized them.

The district court cited Horn & Hardart Co. v. National Rail Passenger Corp., 843 F.2d 546 (D.C. Cir. 1988) as support for its conclusion that the reimbursement order was proper. Omaha Indemnity, 687 F. Supp. at 504. The D.C. Circuit held in Horn & Hardart that an award of attorneys' fees was proper because they were authorized by a contract. Horn & Hardart, 843 F.2d at 547 & n. 2, 550 & n. 8. Thus, Horn & Hardart does not stand for the proposition that Section 2202 authorizes an award for of attorneys' fees as a matter of course for the prevailing party in a declaratory judgment action.

Colman cited National Indemnity Co. v. Harper, 295 F.Supp. 749 (W.D. Mo 1969) in his motion, but he did not discuss it in either the motion or reply.

Memorandum in Support of Motion to Reconsider Attorney's Fees  Page No. 4
*Janssen Contracting Company, Inc. v. Jon P. Colman, et al.*
Case No. A04-271 CV (RRB)

[Dockets 42 & 45]   There are two problems with his use of National Indemnity as support.  First, the district court did not base its decision on 28 U.S.C. § 2202.  The court had jurisdiction based on diversity and held that state law allowed attorneys' fees to an insured when an insurer tries unsuccessfully to avoid coverage.  Id. at 757-58.  The district court's comment that it had authority under "discretionary federal procedural principles" to award attorneys' fees was dictum.  Second, National Indemnity predates the United States Supreme Court's decision in Alyeska Pipeline Service Company v. The Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).  The district court did not have the benefit of the Supreme Court's interpretation of 28 U.S.C. § 2202 when it issued its decision.

The court based its decision to award attorneys fees to Colman based on the reasoning set out in Colman's motion and reply.  However, Colman's reasoning was clearly mistaken because he misinterpreted and mischaracterized the case law.  As a result, this court's decision was also clearly mistaken.

DATED at Anchorage, Alaska this \_12\_ day of December 2005.

EIDE, MILLER & PATE, P.C.
Janssen Contracting Company, Inc.

By: _____
       Douglas O. Moody

Memorandum in Support of Motion to Reconsider Attorney's Fees                    Page No. 5
Janssen Contracting Company, Inc. v. Jon P. Colman, et al.
Case No. A04-271 CV (RRB)

Alaska Bar No. 9007051

CERTIFICATE OF SERVICE

Patti Juliussen certifies as follows:
That I am a legal secretary employed by the law firm of Eide, Miller & Pate, P.C. That on this ___ day of December, 2005, I served by

    [ ] facsimile
    [ ] hand delivery
    [X] first class mail
    [ ] certified mail/return receipt
    [ ] restricted delivery

a true and accurate copy of the foregoing document upon the following counsel of record:

Attorney for Western Ventures d/b/a Cascade Environmental

Michael A. Brain, Esq.
Law Offices of Royce & Brain
1407 West 31st Avenue, 7th Floor
Anchorage, AK 99503-3678

Attorneys for Anchorage School District

Michael Stephenson, Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503

Attorneys for Jon Colman & Northwest Hygienetics, Inc.

Robert P. Blasco, Esq.
Robertson, Monagle & Eastaugh
801 West 10th Street, Suite 300
Juneau, AK 99802

EIDE, MILLER & PATE, P.C.

By _____
    Patti Juliussen

F:\245\18\CERT-USDC (A04-271).DOC

Eide, Miller & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Memorandum in Support of Motion to Reconsider Attorney's Fees
*Janssen Contracting Company, Inc. v. Jon P. Colman, et al.*
Case No. A04-271 CV (RRB)

Page No. 6