IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANSSEN CONTRACTING COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| JON P. COLMAN and NORTHWEST HYGIENETICS, INC, ANCHORAGE SCHOOL DISTRICT, WESTERN VENTURES, INC. d/b/a CASCADE ENVIRONMENTAL, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) Case No. A04-0271CV (RRB)<br>) |

**RESPONSE TO JANSSEN'S MOTION TO RECONSIDER AWARD OF ATTORNEYS FEES TO DEFENDANTS JON P. COLMAN AND NORTHWEST HYGIENETICS, INC**

The standard for determining whether a motion to alter or amend a judgment should be granted is whether the Court was "clearly erroneous."[1] As the Ninth Circuit has upheld the award of attorneys fees pursuant to the Court's exercise of its discretion under 28 USC 2202, this Court's award is not "clearly erroneous."[2]

Janssen's motion is based on its interpretation of *Alyeska Pipeline Service v. Wilderness Society.*[3] Janssen argued its interpretation in its Opposition to Colman's motion, which the Court rejected in its Order. Janssen does not present the Court with any new argument in its Motion to Reconsider. By restating its position from its Opposition, Janssen has not established

---

[1] *McDowell v. Calderon,* 197 F. 3rd 1253, 1254; 1254, n. (9th Cir. 1999). It is not clear whether Janssen intended this motion as one for reconsideration or to amend the judgment. If it is a motion for reconsideration, it would be untimely, and Janssen did not move to reconsider a "non-appealable interlocutory order." D.Ak.L.R. 59.1. Whichever the Court decides it is, such motions are an "extraordinary remedy which should be used sparingly" and only when the court has committed a "clear error." 197 F. 3rd at 1254, n. 1

[2] *Omaha Indemnity Insurance Company v. Cardon Oil Company,* 687 F. Supp. 502 (N.D. Calif. 1988), aff'd, 902 F. 2d 40 (9th Cir. 1990)

[3] 421 US 240 (1975)

that the Court's order is "clearly erroneous." Even with its reargued version of *Alyeska Pipeline Service v. Wilderness Society,* Janssen failed to address that, in *Alyeska Pipeline Service v. Wilderness Society,* the Supreme Court limited the federal courts' powers to declare litigants "private attorney generals" based on the individual court's subjective views of the policies involved in the litigation. The Supreme Court held the lower court exceeded its authority by declaring the Wilderness Society to be "private attorney generals."[4] The basis for the decision was not that the federal courts have limited discretionary power under 28 USC 2202

Janssen criticizes the district court's decision in *Omaha Indemnity Insurance Company v. Cardon Oil Company.*[5] However, the Ninth Circuit affirmed the district court. The Ninth Circuit's affirmance of the district court in *Omaha Indemnity Insurance Company v. Cardon Oil Company*[6] is important because: 1) the Court specifically cited with approval and relied on *Horn and Hardart Company v. National Rail Passenger Corporation*[7] and 2) the Ninth Circuit's decision came fifteen years after *Alyeska Pipeline Service v. Wilderness Society.*[8] The Ninth Circuit held, in affirming the award of attorneys fees under 28 USC 2202 in *Omaha Indemnity Insurance Company v. Cardon Oil Company:*

> The Cardons argue that relief under § 2202 may only be granted "so as to effectuate a grant of declaratory relief" (quoting *Penthouse Int'l Ltd. v. Barnes, 792 F.2d 943, 950 (9th Cir.1986)*). However, they fail to cite a single case other than *Penthouse* in support of this proposition. In *Penthouse,* the district court held that the publisher had no right to publish certain photographs under the model's own name. Consequently, the court issued an injunction to prevent the publisher from thus violating the model's rights. On appeal, we held that "[t]he Declaratory Judgment Act provides the district court with the power to issue an

---

[4] See generally the focus of the Court's discussion, and the emphasis on the "private attorneys general" issue in the dissent.
[5] 687 F. Supp. 502 (N.D. Calif. 1988), aff'd, 902 F. 2d 40 (9th Cir. 1990)
[6] 687 F. Supp. 502 (N.D. Calif. 1988), aff'd, 902 F. 2d 40 (9th Cir. 1990)
[7] 843 F. 2d 546 (D.C. App. 1988)
[8] 902 F. 2d 40 (9th Cir. 1990). This is an unpublished opinion. We believe it is proper to cite to the opinion pursuant to U.S. Ct. of App. Ninth Cir. Rule 36-3 (b)(ii): "They may be cited to this Court or any other courts in the circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case." We are attaching a copy of the opinion pursuant to 36-3(c).

2

appropriate order so as to effectuate a grant of declaratory relief." 792 F.2d at 950. However, contrary to the Cardons' assertions, we did not even imply that our language "so as to effectuate" should be read as restricting the scope of § 2202 relief. Instead, the language merely addressed the facts of that particular case. In fact, the D.C. Circuit has specifically rejected such a restrictive reading of § 2202. In *Horn & Hardart Co. v. National Rail Passenger Corp.*, the court held that Section 2202 ... provides for "necessary or *proper* relief"--specifically, "proper relief *based* on the declaratory judgment." 28 U.S.C. § 2202 (emphases added). Amtrak's request for further relief in the form of triple rent and attorneys' fees follows absolutely from, and is based on, the district court's decision in *Horn & Hardart I* confirming Amtrak's right to terminate the leasehold. And even though Amtrak's present request may not be "necessary" to effectuate the lease termination ruling, *the plain language of the Declaratory Judgment Act does not require this degree of stringency. The relief need only be proper.* 843 F.2d 546, 548 (D.C.Cir.) (emphasis added), *cert. denied,* 109 S.Ct. 129 (1988). In this case, the reimbursement of defense costs paid by Omaha on the Cardons' behalf constitutes proper relief based on the declaratory judgment that Omaha was not, in fact, required to defend the Cardons under their policy.[9]

Thus, the Ninth Circuit has explicitly rejected the argument that 28 USC 2202 restricts the district court's discretion to award attorneys fees in a declaratory judgment action.

Both the district court's decision and the Ninth Circuit's decision post-date *Alyeska Pipeline Service v. Wilderness Society.* The Court can presume that, if the litigants or the courts had interpreted *Alyeska Pipeline Service v. Wilderness Society* in the manner suggested by Janssen, such an interpretation would have merited considerable discussion in the opinions. As the Supreme Court has not expressly limited 28 USC 2202 as suggested by Janssen, and the courts in this circuit have specifically awarded attorneys fees under 28 USC 2202, Colman respectfully requests the Court to reject Janssen's interpretation of *Alyeska Pipeline Service v. Wilderness Society* and deny the motion for reconsideration or to alter the judgment.

Janssen forced Colman to defend a declaratory judgment action that had no federal question jurisdiction, and forced Colman to obtain the dismissal of the action as lacking jurisdiction. The Court, in granting Colman's motion to dismiss, may award Colman attorneys

---

[9] 1990 WL 55904, p. 2 (9th Cir. (Cal.))

3

fees as the granting of "proper" relief as allowed by 28 USC 2202. Janssen has not established that the Court's order awarding Colman attorneys' fees is "clearly erroneous." Thus, the Court is requested to deny the motion for reconsideration or motion to alter the judgment.

DATED 12/20/05

ROBERTSON, MONAGLE & EASTAUGH

_____
for Robert P. Blasco
Of Attorneys for Jon P. Colman and Northwest Hygienetics, Inc.

**Certificate of Service**

On 12/20/05 a true and correct copy of the foregoing document was served on the following attorney(s) of record via:

☒ U.S. First Class Mail, postage pre-paid
☐ fax
☐ court box

Thomas S. Gingras
Eide, Miller & Pate
425 G St., Ste. 930
Anchorage, AK 99501

Michael Brain
Royce & Brain
1407 W. 31st Ave., Ste. 205
Anchorage, AK 99501

Michael Stephenson
Jermain, Dunnagan & Owens
3000 A. St., Ste. 300
Anchorage, AK 99503

_____
Laurie Gyles-Chesnut

4